UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARLENE MYERS ALEXANDER     CIVIL ACTION

VERSUS     NO. 07-5982

ASSURANT INSURANCE GROUP/     SECTION "R" (2)
AMERICAN SECURITY INSURANCE GROUP

### ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Defendant's Motion for Sanctions for Failure to Comply with Discovery Order, Record Doc. No. 24, set for hearing on October 1, 2008 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit in substantial part,

IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows. The motion is granted and plaintiff is HEREBY ORDERED to respond to defendant's discovery requests fully and in writing, in accordance with Fed. R. Civ. P. 33 and 34, and to make all responsive documents available to defendant's counsel, within ten (10) days of entry of this order. All objections, except on the basis

of attorney-client privilege or work product doctrine, have already been deemed waived by the court's prior order, entered on June 3, 2008. Record Doc. No. 18.

In addition, plaintiff must pay to defendant $1,000 in attorney's fees for her failure to provide any responses to discovery requests that were served on March 3, 2008, which necessitated the filing by defendant of two motions to compel, and her failure to comply with the court's prior order, entered on June 3, 2008, compelling her to answer these discovery requests within fourteen days. Fed. R. Civ. P. 37(a)(5)(A), 37(b)(2)(C).

The motion is denied to the extent that it requests the harsher sanctions of prohibiting plaintiff from introducing any evidence that would have been responsive to defendant's discovery requests or dismissal of this action. The discovery deadline is still several months away, and trial of this matter is not scheduled until May 18, 2009. The draconian sanction of dismissal is reserved exclusively for contumacious and continuing discovery misconduct. Federal Deposit Ins. Corp. v. Connor, 20 F.3d 1376, 1381 (5th Cir. 1994); Ginther v. Sea Support Servs. L.L.C., No. 00-2928, 2002 WL 1213601, at *4 (E.D. La. June 4, 2002) (Duval, J.). While plaintiff's conduct in providing discovery responses has been dilatory, I cannot find that contumacious conduct warranting harsher sanctions is justified at this time. Accordingly, dismissal or other discovery sanctions beyond the award of fees and costs contained herein is not yet appropriate.

However, plaintiff is cautioned that her failure again to provide the subject discovery or otherwise to comply with this second discovery order of the court may result in the imposition of more severe sanctions, possibly including dismissal of her claims, upon motion by defendant. Fed. R. Civ. P. 37(b)(2)(A).

New Orleans, Louisiana, this ___1st___ day of October, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE