UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLENE MYERS ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 07-5982 |
| ASSURANT INSURANCE GROUP/<br>AMERICAN SECURITY INSURANCE GROUP | SECTION "R" (2) |

## ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Defendant American Security Insurance Company's Second Motion for Sanctions for Failure to Comply with Discovery Order, Record Doc. No. 30, set for hearing on January 14, 2009 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed. Nonetheless,

**IT IS ORDERED** that the motion is DENIED. The court previously entered two orders in response to American Security's motion to compel written responses to discovery, Record Doc. No. 16, and a prior motion for sanctions. Record Doc. No. 24. The court first ordered plaintiff, Darlene Myers Alexander, to provide defendant with her

written discovery responses by June 17, 2008. In the second order entered on October 1, 2008, the court imposed a sanction of $1,000 in attorney's fees for plaintiff's complete failure to provide any responses to discovery requests that were served on March 3, 2008, which necessitated the filing by American Security of two motions to compel, and her failure to comply with the court's prior order compelling her to answer the discovery requests. In the second order, the court warned Alexander that her failure to comply might result in the imposition of more severe sanctions, possibly including dismissal of her claims, upon motion by defendant. Record Doc. Nos. 18, 25. Alexander obtained an extension of time until November 3, 2008, to comply with the court's orders. Record Doc. No. 29.

American Security alleges that Alexander has failed to comply fully with the court's previous orders and now moves for more severe sanctions, specifically for dismissal of plaintiff's action, and for an award of attorney's fees incurred in filing the instant motion. However, defendant's memorandum states that plaintiff's counsel mailed her written responses to defendant's discovery requests on November 5, 2008, which defendant's counsel received on November 7, 2008. Record Doc. No. 30-5, defendant's memorandum in support, at p. 2.

Because plaintiff complied with the court's order to provide written responses to defendant's discovery requests (albeit two days later than the court had ordered), the

motion is denied to the extent that it requests the harsh sanction of dismissal of this action. The discovery deadline is still almost three months away, and trial of this matter is not scheduled until May 18, 2009. The draconian sanction of dismissal is reserved exclusively for contumacious and continuing discovery misconduct. <u>Doe v. American Airlines</u>, 283 Fed. Appx. 289, 2008 WL 2570789, at *2 (5th Cir. 2008), <u>petition for cert. filed</u>, No. 08-7053 (Aug. 26, 2008) (citing <u>Federal Deposit Ins. Corp. v. Conner</u>, 20 F.3d 1376, 1381 (5th Cir. 1994)); <u>Davis v. Auto Club Family Ins. Co.</u>, No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing <u>Federal Deposit Ins. Corp.</u>, 20 F.3d at 1380-81). While plaintiff's conduct in providing discovery responses has been dilatory, I cannot find that contumacious conduct warranting harsher sanctions is justified at this time. Accordingly, dismissal or other discovery sanctions is not yet appropriate.

American Security now contends that plaintiff's responses were deficient and that she has not responded to its requests that she cure the deficiencies. However, defendant has neither attached to its motion the discovery requests and plaintiff's responses nor identified deficiencies in particular responses, so that the court might ascertain whether any particular response is indeed deficient. Fed. R. Civ. P. 5(d)(1). American Security also fails to include a certificate "stating that counsel have conferred <u>in person or by telephone</u> for purposes of amicably resolving the issues, or stating why they are unable

3

to agree or stating that opposing counsel has refused to confer after reasonable notice."

Local Rule 37.1E (emphasis added). Accordingly, the motion is denied.

New Orleans, Louisiana, this __14th__ day of January, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE